IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **JAHBAR-I JONES,** | : | |
| Plaintiff, | : | |
| | : | Case No. 7:21-cv-00096-WLS-TQL |
| v. | : | |
| **UNNAMED DEFENDANTS,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

## ORDER

*Pro se* Plaintiff Jahbar-I Jones, an inmate in the Valdosta State Prison in Valdosta, Georgia filed a handwritten letter in the United States District Court Northern District of Georgia. (Doc. 1.) In the letter, the Plaintiff presented no constitutional claim nor did he name any Defendants. The letter was more of a manifesto declaring in part that "every prisoner that is answering and knows the law are getting out of prison even if they have life or life without, just as soon as the law ends out there in society the nation". *Id*. Plaintiff further laments that "the State does not have a valid contract, not four they need five elements for it to be valid …[and] they don't have a valid one against anybody in prison." *Id*. He ends his letter with he is "not trespassing on no-body's land even if [he] knows the person who's land [he's] on". *Id*.

Plaintiff's letter was construed as a complaint under 42 U.S.C § 1983 and was transferred to this Court. (Doc. 3.) On August 5, 2021, Plaintiff was ordered to pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* within fourteen days. (Doc. 5.) Plaintiff responded to the Court's order with a note written on an envelope in which he

stated: "I decline: I'm not getting involved in a quasi-judicial hearing the court will automatically decline decline [sic]." (Doc. 6 at 1.) Plaintiff further averred that he "don't need to be in a judicial hearing or even corresponding with the court…" *Id*. at 3.

Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). Plaintiff has made clear that he does not intend to file anything further with the Court and that he declines to be heard. Accordingly, Plaintiff's note to the Court (Doc. 6) is construed as a motion to dismiss because no defendant has been served (or even named) in the case, and leave of court is not required to dismiss this action. Moreover, the Complaint can be dismissed as patently frivolous because leave to amend would be futile, and Plaintiff has informed the Court that he does not want to get more "involved." (Doc. 6.) Finally, Plaintiff has failed to comply with the order to pay the filing fee or seek leave to proceed *in forma pauperis*, and he was warned that failure to do so "will result in the immediate dismissal of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure." (Doc. 5 at 2.)

For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this 27th day of August 2021.

/s/ W. Louis Sands  
W. LOUIS SANDS, JUDGE  
UNITED STATES DISTRICT COURT
